UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

DEC 1 0 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA )
)
v. )
)
MOHAMMAD AWAD, )
YASER DAMRA, )
AMIRA HAMIDEH, )
AKRAM HASAN, )
SULEIMAN ODEH, and )
MOHAMMAD SHOLLE )

No. **03CR1155**

Violations: Title 18, United States
Code, Sections 1029(a)(2) and (b)(2),
1030(a)(2)(A), 1343, 1344, and 2

"JUDGE LEFKOW"

MAGISTRATE JUDGE NOLAN

## COUNT ONE

The SPECIAL SEPTEMBER 2002 GRAND JURY charges:

1.     At times material to this indictment:

a.  Bank Financial, Manufacturers Bank, Wachovia Bank, Discover Bank, MBNA
American Bank, Bank One, Charter One Bank, Mid America Bank, LaSalle Bank, Citibank, and
US Bank, described collectively herein as the "the victim banks," were financial institutions, the
deposits of which were insured by the Federal Deposit Insurance Corporation.

b.  Defendant AMIRA HAMIDEH was a teller at Bank Financial, 48 Orland
Square, Orland Park, Illinois, whose responsibilities included depositing and withdrawing funds,
and opening and closing accounts, on behalf of Bank Financial's customers.

c.  Defendant AKRAM HASAN was a car salesman at Rizza Chevrolet, 8200
South Harlem, Bridgeview, Illinois, whose responsibilities included running credit checks on
potential customers.

2.     Beginning in or about March 2001, and continuing through in or about March

2002, in the Northern District of Illinois, Eastern Division, and elsewhere,

MOHAMMAD AWAD,
YASER DAMRA,
AMIRA HAMIDEH,
AKRAM HASAN,
SULEIMAN ODEH, and
MOHAMMAD SHOLLE,

defendants herein, along with others known and unknown to the Grand Jury, knowingly devised
and participated in a scheme to defraud the victim banks and to obtain money and funds owned
by and under the custody and control of the banks, by means of materially false and fraudulent
pretenses, representations, and promises, which scheme is further described in the following
paragraphs.

3.     It was part of the scheme that defendants and their co-schemers fraudulently
obtained identification information for customers of the victim banks and other individuals ("the
individual victims") and used these identifiers to access and use credit card and bank accounts in
the individual victims' names. Defendants used the victims' credit card and bank accounts to
purchase goods and services, wire funds, and forge checks, which defendants and their co-
schemers deposited or cashed for their own purposes.

4.     It was further part of the scheme that defendant HAMIDEH obtained personal
identification information of customers of Bank Financial, including their names, addresses,
social security numbers, dates of birth, and their mothers' maiden names, and gave this
information to defendant SULEIMAN ODEH.

5.     It was further part of the scheme that defendant ODEH and his co-schemers
obtained identification information of customers of Manufacturers Bank and other banks,

2

including their names, addresses, social security numbers, dates of birth, and their mothers'
maiden names.

6.     It was further part of the scheme that defendants ODEH and MOHAMMAD
AWAD provided the identification information they obtained from defendant HAMIDEH and
other co-schemers to defendant AKRAM HASAN, who then used the information to run and
obtain credit reports and information at Rizza Chevrolet on the individual victims.

7.     It was further part of the scheme that defendants ODEH, AWAD, YASER
DAMRA, and MOHAMMAD SHOLLE and their co-schemers used the information from the
Rizza Chevrolet credit reports and other credit reports ("the credit reports") to apply for new
credit card accounts in the names of various individual victims.

8.     It was further part of the scheme that defendants ODEH, AWAD, DAMRA, and
SHOLLE and their co-schemers used the information in the credit reports to acquire personal
checks, credit cards, credit card numbers, and credit card convenience checks for the individual
victims' already-existing credit card and bank accounts.

9.     It was further part of the scheme that defendants ODEH, AWAD, DAMRA, and
SHOLLE and their co-schemers stole and caused to be stolen credit cards and checks from the
United States mail.

10.    It was further part of the scheme that defendants ODEH, AWAD, DAMRA, and
SHOLLE and their co-schemers used the credit card numbers they acquired to make
unauthorized charges on the individuals victims' accounts.

11.    It was further part of the scheme that defendants ODEH, AWAD, DAMRA, and
SHOLLE and their co-schemers used the credit card numbers they acquired to make

3

unauthorized wire transfers from the individual victims' accounts to credit card and bank accounts in their names and the names of other co-schemers and individuals.

12.     It was further part of the scheme that defendants ODEH, AWAD, DAMRA, and SHOLLE and their co-schemers forged the individual victims' names on the bank checks and credit card convenience checks they stole and deposited the funds into their own accounts and the accounts of other co-schemers and individuals.

13.     As a result of the scheme described above, defendants and their co-schemers caused and attempted to cause a loss to the victim banks and the individual victims in excess of $300,000.

14.     It was further part of the scheme that defendants misrepresented, concealed, and hid, and caused to be misrepresented, concealed and hidden, the true purposes of the acts done in furtherance of the scheme.

15.     In or about April 2001, in the Northern District of Illinois, Eastern Division, and elsewhere,

MOHAMMAD AWAD,
YASER DAMRA,
AMIRA HAMIDEH,
AKRAM HASAN,
SULEIMAN ODEH, and
MOHAMMAD SHOLLE,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, fraudulently obtained and caused to be obtained identification information for Bank Financial customer A.N., without A.N.'s knowledge or consent;

In violation of Title 18, United States Code, Sections 1344 and 2.

4

## COUNT TWO

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

1.    Paragraphs 1-14 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2.    In or about August 2001, in the Northern District of Illinois, Eastern Division, and elsewhere,

MOHAMMAD AWAD,
YASER DAMRA,
AMIRA HAMIDEH,
AKRAM HASAN,
SULEIMAN ODEH, and
MOHAMMAD SHOLLE,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, fraudulently obtained identification information for Bank Financial customer P.D., without P.D.'s knowledge or consent;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THREE

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

1. Paragraphs 1 and 3-14 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2. On or about November 25, 2001, in the Northern District of Illinois, Eastern Division, and elsewhere,

MOHAMMAD AWAD,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did cause to be transmitted in interstate commerce from Dallas, Texas to Chicago, Illinois, certain writings, signs, signals, and sounds, namely a communication to transfer and credit $7,500 from the credit card account of J.E. to the Foster bank account of defendant AWAD, without J.E.'s knowledge or consent;

In violation of Title 18, United States Code, Sections 1343 and 2.

6

## COUNT FOUR

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

Paragraphs 1 and 3-14 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2. On or about December 13, 2001, in the Northern District of Illinois, Eastern Division, and elsewhere,

MOHAMMAD AWAD,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did cause to be transmitted in interstate commerce from Dallas, Texas to Lombard, Illinois, certain writings, signs, signals, and sounds, namely a communication to transfer and credit $2,500 from the credit card account of D.L. to the West Suburban bank account of Co-schemer A, who then gave the funds to defendant AWAD, without D.L.'s knowledge or consent;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

1. Paragraphs 1-14 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2. On or about January 9, 2002, in the Northern District of Illinois, Eastern Division, and elsewhere,

SULEIMAN ODEH,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly deposited and caused to be deposited a stolen and forged Wachovia Bank check from the account of bank customer R.A., in the amount of $6,800, into a LaSalle bank account in the name of Co-schemer B, without R.A.'s knowledge or consent;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT SIX

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

1. Paragraphs 1 and 3-14 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2. On or about June 6, 2001, in the Northern District of Illinois, Eastern Division, and elsewhere,

SULEIMAN ODEH,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did cause to be transmitted in interstate commerce from Minneapolis, Minnesota to Chicago, Illinois, certain writings, signs, signals, and sounds, namely a communication to transfer and credit $9,000 from the credit card account of J.C. to defendant ODEH's TCF bank account, without J.C.'s knowledge or consent;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT SEVEN

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

Paragraphs 1 and 3-14 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2. On or about March 7, 2002, in the Northern District of Illinois, Eastern Division, and elsewhere,

### MOHAMMAD SHOLLE,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did cause to be transmitted in interstate commerce from New York, New York to Chicago, Illinois, certain writings, signs, signals, and sounds, namely a communication to transfer and credit $2,800 from the credit card account of T.P. to the bank account of Co-schemer C, who then gave the funds to defendant SHOLLE, without T.P.'s knowledge or consent;

In violation of Title 18, United States Code, Sections 1343 and 2.

10

## COUNT EIGHT

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

1. Paragraphs 1 and 3-14 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2. On or about November 20, 2001, in the Northern District of Illinois, Eastern Division, and elsewhere,

MOHAMMAD SHOLLE,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did cause to be transmitted in interstate commerce from Concord, New Hampshire to Chicago, Illinois, certain writings, signs, signals, and sounds, namely a communication to transfer and credit $7,500 from the credit card account of W.L. to defendant SHOLLE's Providian bank account, without W.L.'s knowledge or consent;

In violation of Title 18, United States Code, Sections 1343 and 2.

11

## COUNT NINE

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

1. Paragraphs 1 and 3-14 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2. On or about November 19, 2001, in the Northern District of Illinois, Eastern Division, and elsewhere,

YASER DAMRA,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did cause to be transmitted in interstate commerce from Richmond, Virginia to Chicago, Illinois, certain writings, signs, signals, and sounds, namely a communication to transfer and credit $5,000 from the credit card account of M.O. to defendant DAMRA's Capital One Visa credit card account, without M.O.'s knowledge or consent;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TEN

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

1. Paragraphs 1 and 3-14 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2. On or about November 10, 2001, in the Northern District of Illinois, Eastern Division, and elsewhere,

### YASER DAMRA,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, did cause to be transmitted in interstate commerce from Newark, Deleware to Chicago, Illinois, certain writings, signs, signals, and sounds, namely a communication to transfer and credit $3,500 from the credit card account of J.W. to defendant DAMRA's Associates Bank account, without J.W.'s knowledge or consent;

In violation of Title 18, United States Code, Sections 1343 and 2.

13

## COUNT ELEVEN

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

1. Paragraph 1 of this indictment is realleged and incorporated as though fully set forth herein.

2. Beginning in or about March 2001, and continuing through in or about March 2002, in the Northern District of Illinois, Eastern Division, and elsewhere,,

MOHAMMAD AWAD,
YASER DAMRA,
AMIRA HAMIDEH,
AKRAM HASAN,
SULEIMAN ODEH, and
MOHAMMAD SHOLLE,

defendants herein, did conspire with each other and others known and unknown to the Grand jury to knowingly and with intent to defraud use unauthorized access devices, namely, credit card account numbers, and by such conduct obtained $1,000 or more in goods and services, thereby affecting interstate commerce, which conspiracy is further described in the following paragraphs.

3. It was part of the conspiracy that defendants and their co-conspirators fraudulently obtained identification information for customers of the victim banks and other individuals ("the individual victims") and used these identifiers to access and use credit cards and bank accounts in the individual victims' names. Defendants used the victims' credit card and bank accounts to purchase goods and services, wire funds, and forge checks, which defendants and their co-conspirators deposited or cashed for their own purposes.

4. It was further part of the conspiracy that defendant HAMIDEH obtained personal identification information of customers of Bank Financial, including their names, addresses,

14

social security numbers, dates of birth, and their mothers' maiden names, and gave this information to defendant SULEIMAN ODEH.

5.      It was further part of the conspiracy that defendant ODEH and his co-conspirators obtained identification information of customers of Manufacturers Bank and other banks, including their names, addresses, social security numbers, dates of birth, and their mothers' maiden names.

6.      It was further part of the conspiracy that defendants ODEH and MOHAMMAD AWAD provided the identification information they obtained from defendant HAMIDEH and other co-schemers to defendant AKRAM HASAN, who then used the information to run and obtain credit reports and information at Rizza Chevrolet on the individual victims.

7.      It was further part of the conspiracy that defendants ODEH, AWAD, YASER DAMRA, and MOHAMMAD SHOLLE and their co-conspirators used the information from the Rizza Chevrolet credit reports and other credit reports ("the credit reports") to apply for new credit card accounts in the names of various individual victims.

8.      It was further part of the conspiracy that defendants ODEH, AWAD, DAMRA, and SHOLLE and their co-conspirators used the information in the credit reports to acquire personal checks, credit cards, credit card numbers, and credit card convenience checks for the individual victims' already-existing credit card and bank accounts.

9.      It was further part of the conspiracy that defendants ODEH, AWAD, DAMRA, and SHOLLE and their co-conspirators stole and caused to be stolen credit cards and checks from the United States mail.

10.     It was further part of the conspiracy that defendants ODEH, AWAD, DAMRA,

15

and SHOLLE and their co-conspirators used the credit card numbers they acquired to make unauthorized charges on the individuals victims' accounts.

11.     It was further part of the conspiracy that defendants ODEH, AWAD, DAMRA, and SHOLLE and their co-conspirators used the credit card numbers they acquired to make unauthorized wire transfers from the individual victims' accounts to credit card and bank accounts in their names and the names of other co-conspirators and individuals.

12.     It was further part of the conspiracy that defendants ODEH, AWAD, DAMRA, and SHOLLE and their co-conspirators forged the individual victims' names on the bank checks and credit card convenience checks they stole, and deposited the funds into their own accounts and the accounts of other co-conspirators and individuals.

13.     As a result of the conspiracy described above, defendants and their co-conspirators caused and attempted to cause a loss to the victim banks and the individual victims in excess of $300,000.

14.     It was further part of the conspiracy that defendants misrepresented, concealed, and hid, and caused to be misrepresented, concealed and hidden, the true purposes of the acts done in furtherance of the conspiracy.

Overt Acts

15.     In furtherance of the conspiracy, and in order to effect the objects of the conspiracy, defendants committed the following acts, among others, in the Northern District of Illinois:

a.     In or about April 2001, defendant HAMIDEH gave defendant ODEH the identification information for Bank Financial customer A.N., without A.N.'s knowledge or

16

consent.

        b.     In or about August 2001, defendant HAMIDEH gave defendant ODEH the identification information for Bank Financial customer P.D., without P.D.'s knowledge or consent.

        c.     On or about August 4, 2001, defendant HASAN, using Rizza Chevrolet's computers, without authorization accessed six credit reports of individual victims and gave the reports to defendant ODEH.

        d.     On or about November 25, 2001, defendant AWAD caused $7,500 to be wired from the credit card account of J.E. to defendant AWAD's bank account at Foster Bank.

        e.     On or about January 9, 2002, defendant ODEH deposited and caused to be deposited a stolen and forged Wachovia Bank check in the amount of $6,800 into co-conspirator B's LaSalle bank account.

        f.     On or about November 20, 2001, defendant SHOLLE caused $7,500 to be wired from the credit card account of W.L. to defendant SHOLLE's bank account at Providian Bank.

        g.     On or about November 19, 2001, defendant DAMRA caused $5,000 to be wired from the credit card account of M.O. to defendant DAMRA's Capital One Visa credit card account.

      h.     On or about December 13, 2001, co-conspirator Fady Igbara possessed 40 Trans Union credit reports containing names, addresses, and social security numbers of individual victims.

      All in violation of Title 18, United States Code, Sections 1029(a)(2) and (b)(2).

## COUNT TWELVE

The SPECIAL SEPTEMBER 2002  GRAND JURY further charges:

On or about August 4, 2001, at Bridgeview, in the Northern District of Illinois, Eastern Division, and elsewhere,

AKRAM HASAN and
SULEIMAN ODEH,

defendants herein, intentionally accessed a computer without authorization, namely a computer at Rizza Chevrolet, and thereby obtained information contained in a file of a consumer reporting agency on a consumer, namely six credit reports from Trans Union, which caused loss to one or more persons during a one-year period aggregating at least $5,000 in value.

In violation of Title 18, United States Code, Section 1030(a)(2)(A).

## COUNT THIRTEEN

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

On or about August 23, 2001, at Bridgeview, in the Northern District of Illinois, Eastern Division, and elsewhere,

AKRAM HASAN and
SULEIMAN ODEH,

defendants herein, intentionally accessed a computer without authorization, namely a computer at Rizza Chevrolet, and thereby obtained information contained in a file of a consumer reporting agency on a consumer, namely four credit reports from Trans Union, which caused loss to one or more persons during a one-year period aggregating at least $5,000 in value;

In violation of Title 18, United States Code, Section 1030(a)(2)(A).

A TRUE BILL:

FOREPERSON

UNITED STATES ATTORNEY

20

No.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA

vs.

MOHAMMAD AWAD, YASER DAMRA, AMIRA HAMIDEH, AKRAM HASAN, SULEIMAN ODEH, and MOHAMMAD SHOLLE

**I N D I C T M E N T**

Violation(s): Title 18 United States Code Sections 1029(a) & (b)(2), 1030(a)(2)(A), 1343, 1344, and 2

A true bill,

_____
Foreman

Filed in open court this _____ day of _____ DEC 10 2003

_____
Clerk

MICHAEL W. DOBBINS

Bail, $ _____

RECEIVED

DEC 1 0 2003

MAGISTRATE JUDGE IAN H. LEVIN
UNITED STATES DISTRICT COURT